**GEORGE EPCAR COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 9150, 9151.**

United States Court of Appeals
Tenth Circuit.

May 8, 1967.

Rehearing Denied June 28, 1967.

Irving H. Biele, Salt Lake City, Utah (Howard N. Jones, Salt Lake City, Utah, on the brief), for appellant.

Richard S. Salzman, Atty., Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., William T. Thurman, U. S. Atty., and David L. Rose, Atty., Dept. of Justice, on the brief), for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant Epcar Company brought this suit under the Tucker Act, 28 U.S.C. § 1346(a) (2), seeking a determination that no contract existed between it and the United States and that, therefore, the government should be required to return a $5,000.00 deposit it had declared forfeited because Epcar was guilty of breach of contract. The government counterclaimed, contending there was a valid contract between it and Epcar, that Epcar had breached the contract, that it was entitled to retain the $5,000.00 as partial liquidated damages, and that it

was entitled to judgment against Epcar in the amount of $8,785.76, the balance of liquidated damages due it. The case was tried to the court, which granted judgment as prayed for by the government. Epcar Company appeals.

The facts are these: The government invited bids to purchase all or any portion of 126 surplus Army trucks. The invitation for bids provided that bidders could bid alternatively and condition their bids upon the acceptance or non-acceptance of other alternative bids on a portion of the trucks. The requirement of bid deposits contained in the invitation is at the heart of this lawsuit. That requirement is:

"ARTICLE AB: Bid Deposits. All bids must be accompanied by a bid deposit of 20% of the total amount bid which must be in the possession of the Sales Contracting Officer by the time set for bid opening. * * * Any bid which is not timely supported by an acceptable bond or bid deposit will be rejected as nonresponsive."

Appellant received one of these invitations for bids and its agents subsequently submitted a bid.

The government expressly stated in the invitation that it reserved "the right to reject any or all bids, to waive any technical defects in bids, and, unless otherwise specified by the Government or by the bidder, to accept any one item or group of items in the bid, as may be in the best interest of the Government."

Appellant submitted his bid on a form provided by the General Services Administration. That form, signed by appellant's agent, expressly incorporated into the bid all the terms and conditions set forth in the invitation for bids. The bid submitted by appellant provides that, subject to those terms and conditions, he offers and agrees "to purchase and pay for *any* or all of the items or lots of property listed on the attached Item Bid * * * upon which prices are bid, at the price set opposite each item or lot, * * *." (Emphasis added).

Epcar, in effect, submitted four separate "all or none" bids: Bid No. 1 was for items 1 through 83, inclusive, with a unit price of $861.61 or a total price of $71,523.63; bid No. 2 was for items 84 through 110, inclusive, with an item price of $631.31 and a total price of $17,045.37, and for consideration only in the event it was the successful bidder under bid No. 1; bid No. 3 covered items 111 through 126, inclusive, with an item price of $412.16, total price of $6,594.56, and to be considered only if it was successful in bids Nos. 1 and 2; and bid No. 4 covered all items to be sold under the invitation for a total of $95,353.56 and to be considered only if it was unsuccessful in bids 1, 2 and 3.

Appellant was the high bidder on all four of its bids. 20 percent of the total of bids 1, 2 and 3 is $19,030.71. At the time the bids were opened, appellant had on deposit with the Sales Contracting Office only $15,000.00—a $10,000.00 bond and a $5,000.00 personal check. Appellant allegedly had directed its bonding company to increase the bond to $15,000.00 but the bonding company failed to do so. Consequently, appellant did not have an adequate bid deposit to support its bids on all the items. However, the amount on deposit was adequate to support bid No. 1. The government then accepted bid No. 1, and because of insufficient deposit declared the other three bids "non-responsive" in accordance with Article AB, set out above. After the award was announced, appellant objected to the government's rejecting its bid on the other items but expressly did not object to the award of bid No. 1.

The Contracting Officer refused to change his award and appellant refused to pay for the trucks awarded to it under bid No. 1. The Contracting Officer thereafter declared that appellant was guilty of breaching its contract. Acting under the bid invitation's liquidated damages provision, which provides that damages for defaulting on a contract shall be 20 percent of the purchase price of the items as to which default has occurred,

the Contracting Officer ordered that Epcar's $5,000.00 personal check had been forfeited as partial liquidated damages.

After exhausting its administrative remedies, appellant instituted this suit to recover the $5,000.00 deposit. The District Court ruled it had breached the contract and pursuant to the liquidated damages provision ordered the government to retain the $5,000.00 deposit and granted it an additional $8,785.76.[1] In the District Court, and here, appellant's main contention is that the provision of Article AB of the bid invitation which requires a 20 percent deposit on the "total amount bid" mandatorily requires that a bid be accompanied by 20 percent of the aggregate amount of money offered in the bid. Here, appellant claims, its entire bid was, under the language of Article AB, nonresponsive, hence there was no valid offer and there could have been no valid acceptance resulting in a binding contract.

The government contends, first of all, that Article AB was included in the invitations for bids solely for the government's benefit and protection in accordance with regulations issued by the General Services Administration, and appellant cannot take refuge in it to avoid the effect of a valid contract resulting after appellant's voluntarily submitted high bid has been accepted by the government.

The authorities cited by the government to sustain their position stand for the proposition that "Statutes regulating the contracting procedures of officers of the Federal Government are enacted solely for the benefit of the Government and confer no enforceable rights upon persons dealing with it."[2] Article AB was included in the invitation for bids pursuant to the General Services Administrator's regulation providing that: "Whenever a bid deposit is required by the terms and conditions of the invitation for bids, the normal deposit for individual types of sales shall be 20 percent of the total amount bid."[3] This regulation was promulgated pursuant to Section 205(c) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. § 486(c), which provides that "The administrator shall prescribe such regulations as he deems necessary to effectuate his functions under this chapter * * * and the head of each executive agency shall cause to be issued such orders and directives as such head deems necessary to carry out such regulations."

The statute and the regulation issued pursuant thereto do not, we think, confer any right on appellant. However, we have more than a statute or regulation. We have a specific provision that has been incorporated into appellant's offer. It is a part of the contractual terms. We must construe those terms according to federal, general contract law.[4]

A complete answer to appellant's argument is that by the plain wording of the instrument by which the bid invitation was answered, four separate bids were made, not just one bid, and applicable contract law must be applied to this factual situation. Appellant, by submitting his bids in this fashion asked appellee to consider the bids separately, which it did. In addition the government expressly reserved the right to so consider the bids and "to accept any one

---

1. $13,785.76 is 20 percent of all items awarded under bid No. 1 because prior to bid opening, some items were withdrawn.

2. Friend v. Lee, 95 U.S.App.D.C. 224, 221 F.2d 96, 100; Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108; United States ex rel. Brookfield Const. Co. v. Stewart, D.D.C., 234 F.Supp. 94, affirmed 119 U.S.App. D.C. 254, 339 F.2d 753.

3. 41 C.F.R. § 101–45.304–10(a).

4. McQuagge v. United States, W.D.La., 197 F.Supp. 460 and cases there cited; Security Life and Accident Insurance Company v. United States, 5 Cir., 357 F.2d 145; Cate v. United States, S.D. Ala., 249 F.Supp. 414.

item or group of items in the bid as may be in the interest of the government."

It should be noted that this appeal involves two cases, which were consolidated in the District Court. From the record it appears that this opinion disposes of both cases.

Affirmed.